## M'KEE'S Case.

The Circuit Court has no appellate jurisdiction of proceedings in the Quarter Sessions, when not according to the course of the common law: hence it has not jurisdiction of a proceeding against a husband for deserting his wife and children.

The Circuit Court may remove a cause by *habeas corpus*, with a view to the trial of an issue, but it can only do so when the issue is according to the course of the common law.

*John M'Kee* having deserted his wife and children, she made an application to a justice of the peace for relief, who issued a warrant against *John M'Kee*, commanding the constable to take him, and bring him before him, that he might be bound over to appear at the next Court of Quarter Sessions, to answer the complaint of his wife. He was taken, and gave security for his appearance at the next sessions, when his attorney made the necessary certificate, and removed the case into the Circuit Court. It came on to be tried in the Circuit Court, and his honor justice *Rogers* dismissed the cause and complaint, on the ground that the Circuit Court had no jurisdiction of it. From this decision, *John M'Kee* appealed to the Supreme Court.

*Petrikin* and *Potter*, for appellant.

The acts of the 9th March, 1771, section 30, and 31st March, 1812, section 6, *Purd. Dig.* 659–679, authorise a proceeding by overseers of the poor, in cases where the wife is chargeable, or likely to become so. This is in the nature of a civil proceeding *by the wife*, and if she is entitled by any law to recover money, the husband would be entitled to a trial by jury: and if so, the Circuit Court would have jurisdiction. Whenever an issue is to be tried, that court has jurisdiction. *Woods* v. *Woods*, 17 *Serg. & Rawle*, 12. *Light* v. *Light*, ib. 273. *Robbarts* v. *Robbarts*, 9 *Serg. & Rawle*, 191. *Whart. Dig.* 463. *No.* 175.

*Valentine* and *Blanchard*, for appellee, whom the court declined to hear.

PER CURIAM.—The Circuit Court is a substitute for the former court of Nisi Prius, with scarce any power beyond the trial of issues, but to render judgment and determine appeals from the Register's and Orphans' Courts. There was no necessity, and consequently no design to give it the general powers and jurisdiction of the Supreme Court in bank. It clearly has no appellate jurisdiction of proceedings in the Quarter Sessions, when not according to the course of the common law; especially of a proceeding like the present, which strongly savours of a *civil* remedy, and which is particularly committed to that court. Even the Supreme Court in bank could take cognizance of it only for the purpose of quash-

(M'Kee's Case.)

ing it, by a *certiorari* after judgment, which the Circuit Court is expressly restrained from granting; and although it may remove a cause by *habeas corpus*, with a view to the trial of an issue, it can do so, only when the issue is according to the course of the common law: beside it is enabled by the terms of the act of 1799, from which it derives its powers, to take cognizance of nothing from the Quarter Sessions but indictments. The present is not a proceeding for alimony, or one in which the intervention of a jury can be had in any shape; and we are satisfied that the judge at the Circuit pursued the proper course in remanding it to the Sessions.

Order of the Circuit Court affirmed.